# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DAVID G. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-294-JHP |
| | ) |
| 1. ORSCHELN FARM AND HOME, L.L.C. (d/b/a ORSCHELN FARM AND HOME) and | ) |
| 2. JEFFREY BENEDICT, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendant Orscheln Farm & Home, L.L.C.'s ("Orscheln") 12(b)(6) Motion to Dismiss (Dkt. 4). Plaintiff David G. Smith ("Plaintiff") has filed a Response in opposition (Dkt. 9), and Orscheln has filed a Reply (Dkt. 10). After consideration of the briefs, and for the reasons stated below, Orscheln's Motion to Dismiss is **GRANTED**.

## BACKGROUND

According to the Petition (Dkt. 2-2) on April 11, 2014, Plaintiff was driving his truck and was pulled over by Wagoner County Police in Wagoner County, near Orscheln's store. (Dkt. 2-2, ¶ 4). The officer told Plaintiff he pulled him over because his license plate was partially obscured. (*Id.* ¶ 5). The officer began to question Plaintiff about some trailer wheels and tires in Plaintiff's truck. (*Id.*).

The officer then asked the manager of Orscheln's store, Defendant Jeffrey Benedict ("Benedict") to come out to the traffic stop location and look at the tires. (*Id.* ¶ 6). Benedict identified the tires and wheels as belonging to Orsheln's store "without a doubt." (*Id.* ¶ 7). The officer then placed Plaintiff under arrest. (*Id.* ¶ 8).

Benedict then gave an official written statement to the Wagoner Police Department, in which he reiterated his prior statement that the tires in Plaintiff's truck bed were the store's tires "without a doubt." (*Id.* ¶ 9). Plaintiff alleges these statements from Benedict caused the officer to charge Plaintiff with the felony crime of "Larceny from a retailer" and the District Attorney to charge and prosecute Plaintiff. (*Id.* ¶¶ 10, 12).[1]

Plaintiff was released from jail on bond later that day. (*Id.* ¶ 15; Dkt. 4-2 (Appearance Bond)). The Wagoner County District Court held a preliminary hearing on August 12, 2015, at which Benedict testified he had identified the tires in Plaintiff's truck as belonging to Orscheln's store. (Dkt. 2-2, ¶ 17). At the conclusion of the preliminary hearing, Plaintiff's counsel demurred to the evidence, arguing the prosecution had been unable to prove the tires in Plaintiff's possession were stolen. (Dkt. 4-5 (Preliminary Hearing Transcript), 57:10-58:3). The court overruled the demurrer, finding that probable cause existed to show

---

[1] The Information filed against Plaintiff on April 21, 2014, charged him with the felony offense of "knowingly concealing stolen property." (Dkt. 4-3 (Information)).

Plaintiff committed a crime. (*Id.* 58:23-59:1; Dkt. 4-6 (Preliminary Hearing Bind Over Order in Case No. CF-2014-178)).

Plaintiff's counsel then filed a Demurrer and Motion to Quash Information, arguing the prosecution had provided insufficient evidence to prove Plaintiff committed the charged offense of concealing stolen property. (Dkt. 4-8 (Demurrer and Motion to Quash Information in Case No. CF-2014-178)). Plaintiff's counsel thereafter filed a Motion to Suppress and Quash Information, seeking suppression of the evidence seized pursuant to the traffic stop and statements obtained by the arresting officer. (Dkt. 4-9 (Defendant's Motion to Suppress and Quash Information in Case No. CF-2014-178)). The District Court overruled both motions. (Dkt. 4-10 (Order Overruling Defendant's Motions in Case No. CF-2014-178)). However, the District Court then reversed course and sustained the Demurrer and Motion to Quash Information, vacating the previous order overruling the demurrer. (Dkt. 4-11 (Order Sustaining Defendant's Demurrer and Motion to Quash Information in Case No. CF-2014-178)). There is no record to explain why the trial court reconsidered its previous order overruling Plaintiff's demurrer.

In this case, Plaintiff brings claims for malicious prosecution and false arrest against Orscheln and Benedict. Plaintiff alleges Benedict's "without a doubt" statements regarding the tires led directly to Plaintiff's arrest and prosecution, even

3

though Benedict knew or should have known that his statements were either false or unverifiable. (Dkt. 2-2, ¶¶ 22-23). Plaintiff contends Benedict knew, given the circumstances, that his statements about the tires were important and could lead to Plaintiff's arrest and prosecution for stealing the tires. (*Id.* ¶ 24). Plaintiff further alleges Orscheln is responsible for Benedict's statements under a *respondeat superior* theory. (*Id.* ¶¶ 26-27).

Orscheln removed Plaintiff's case to this Court on July 31, 2017.[2] Orscheln has now moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 4). Plaintiff filed a Response in opposition (Dkt. 9), and Orscheln filed a Reply (Dkt. 10). The pending motion is fully briefed and ripe for review.

## DISCUSSION

### I. Standard of Review

In considering a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). The Court is limited to consideration of specific allegations of the pleadings, documents attached to the pleadings or incorporated by reference, and documents "central to the plaintiff's

---

[2] Benedict has never entered an appearance in this matter, and it is unclear whether he has been served.

claim and referred to into the complaint," at least "where the document's authenticity is not in dispute." *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (quoting *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (quotation marks omitted). In addition, the Court may consider matters of public record, such as records from Plaintiff's Wagoner County criminal case (Case No. CF-2014-178), by taking judicial notice of such documents, without converting the motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Orscheln argues Plaintiff's claims are barred by the doctrine of issue preclusion. Issue preclusion bars "relitigation of factual or legal issues that were decided in a previous case, regardless of whether that case was based on the same cause of action." *Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988). Issue preclusion is properly applied when (1) the issue to be precluded was actually and necessarily decided in the prior case and (2) the party against whom the doctrine is invoked had a full and fair opportunity in the prior case to litigate the issue to be precluded. *Id.* (citing *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1523 (10th Cir. 1987)).

The party invoking the doctrine bears the burden to show he is entitled to the issue-preclusion defense by including with the motion the judgment record. *Salazar v. City of Oklahoma City, Okla.*, 976 P.2d 1056, 1061-62 (Okla. 1999); 12

5

Okl. St. § 32.1. It appears Orscheln has submitted the entire record from the Wagoner County criminal case against Plaintiff (Dkts. 4-1 to 4-6, 4-8 to 4-11, 10-1, 10-3), and Plaintiff has raised no objection to submission of this record. Based on these records, the Court may determine what claims were presented for adjudication and which issues were actually decided.

## II. Issue Preclusion

Orscheln contends Plaintiff's claims for malicious prosecution and false arrest are barred, because the Wagoner County District Court found at the preliminary hearing that probable cause existed to bind Plaintiff over for arraignment. (Dkt. 4-5, 58-59 (Preliminary Hearing Transcript in Case No. CF-2014-178); Dkt. 4-6 (Preliminary Hearing Bind Over Order in Case No. CF-2014-178)). Based on this finding, Orscheln argues issue preclusion should apply to bar relitigation of the probable cause issue. Because the finding of probable cause is fatal to both claims, Orscheln argues they must be dismissed.

### A. Malicious Prosecution

A malicious prosecution claim requires a plaintiff to prove: "1) that the defendant maliciously instituted the action; 2) without probable cause; 3) which the plaintiff successfully defended; and 4) with resulting damage to the plaintiff." *Roberts v. Goodner's Wholesale Foods, Inc.*, 50 P.3d 1149, 1152 (Okla. Civ. App. 2002) (citing *Callaway v. Parkwood Village, L.L.C.*, 1 P.3d 1003, 1005 n.1 (Okla.

2000)). "In an action for malicious prosecution if probable cause for the prosecution be found to have existed, such constitutes a complete defense irrespective of the motive or malice of the person prosecuting." *Patrick v. Wigley*, 242 P.2d 423, 425 (Okla. 1952) (quoting *Southern Ice & Utilities Co. v. Bench*, 64 P.2d 668 (Okla. 1937)) (quotation marks omitted).

It is undisputed that the issue of probable cause was actually and necessarily decided at Plaintiff's preliminary hearing, or that the issue was fully and fairly litigated during Plaintiff's preliminary hearing. (*See* Dkt. 9 (Plaintiff's Response Brief), at 9-10). Accordingly, the Court agrees with Orscheln that the malicious prosecution claim is barred, because probable cause was found at Plaintiff's preliminary hearing. Because Plaintiff is barred from relitigating whether probable cause existed, his claim for malicious prosecution fails as a matter of law.

In his Response, Plaintiff argues issue preclusion should not apply to the issue of probable cause, because the Wagoner County District Court ultimately sustained Plaintiff's demurrer and Plaintiff's criminal case was closed. Plaintiff asserts the District Court's final order "constitutes, for all intents and purposes, a finding and order of the Court that there *never was* probable cause for Plaintiff's arrest, imprisonment, and prosecution." (Dkt. 9, at 10). Plaintiff further argues the authority Orscheln cites is distinguishable, because the plaintiffs in those cases were tried and acquitted, and the findings of probable cause to bind them over for

7

trial were never changed or withdrawn. *See Southern Ice*, 64 P.2d at 669; *Roberts*, 50 P.3d at 1153; *Adamson v. Dayton Hudson Corp.*, 774 P.2d 478, 479 (Okla. Civ. App. 1989). In this case, by contrast, Plaintiff was never tried for the charges against him, and Plaintiff asserts the probable cause finding was ultimately reversed and vacated by the District Court. Plaintiff admits, however, that he was unable to locate any case law to support his contentions.

Plaintiff's arguments are not compelling. Although the Wagoner County District Court failed to explain its reasons for dismissing the case against Plaintiff, Oklahoma law does not support the proposition that the subsequent dismissal of Plaintiff's criminal case voids the probable cause finding. The one-page Order sustaining Plaintiff's Demurrer and Motion to Quash Information vacates the one-page Order overruling Plaintiff's Demurrer and Motion to Quash Information. (Dkts. 4-11, 4-10). The Wagoner County court did not vacate the finding of probable cause at the preliminary hearing, and this Court will not read such an order into the record of the criminal proceeding. Therefore, Plaintiff's argument does not affect the Court's conclusion.

Finally, Plaintiff attempts to analogize his case to *Patrick v. Wigley*, which Orscheln cites in its brief. 242 P.2d at 425. In *Patrick*, the plaintiff had received a preliminary hearing on criminal charges and was bound over for trial. *Id.* The plaintiff then filed a motion to quash and set aside the information on the ground

that no competent proof was introduced at the preliminary hearing to show the plaintiff had committed an illegal act. *Id.* The motion to quash was sustained, and the plaintiff was discharged. *Id.* The plaintiff then filed a malicious prosecution claim and obtained a jury verdict in his favor. *Id.* The defendant appealed, arguing the trial court erred by not granting the defendant's request for "peremptory instructions," or a directed verdict, because defendant had established a complete defense to the malicious prosecution suit by showing probable cause existed. *Id.* The Oklahoma Supreme Court concluded that submission of the case to the jury was appropriate, because there was disputed evidence pertaining to the issue of probable cause. *Id.* at 427.

While the facts presented in *Patrick* bear some similarity to the facts of this case, the Supreme Court in *Patrick* did not address whether the finding of probable cause at the plaintiff's preliminary hearing precluded his malicious prosecution claim. Therefore, the factual similarity does not aid Plaintiff's argument with respect to issue preclusion.[3] Plaintiff's malicious prosecution claim fails, and dismissal of this claim is warranted.

### B. False Arrest

Similarly, the finding of probable cause at Plaintiff's preliminary hearing precludes Plaintiff's claim for false arrest. Like the claim for malicious

---

[3] The Court denies Plaintiff's request to submit a question to the Oklahoma Supreme Court through the certified question process.

prosecution, a false arrest claim is negated by a finding of probable cause. *See Roberts*, 50 P.3d at 1153 (affirming dismissal of false arrest and false imprisonment claims based on presence of probable cause); *Adamson*, 774 P.2d at 480 (stating that "probable cause constitutes a complete defense to an action for false arrest.") (quotation and alteration omitted). Therefore, dismissal of the false arrest claim is warranted.[4]

## CONCLUSION

For the reasons detailed above, Orscheln's Motion to Dismiss (Dkt. 4) is **GRANTED**. Plaintiff's Petition is **DISMISSED** with respect to both defendants.

**IT IS ORDERED** this 30th day of March, 2018.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[4] Because the Court dismisses Plaintiff's false arrest claim on other grounds, the Court will not address Orscheln's separate arguments for dismissal of this claim based on the statute of limitations and failure to state a claim.